# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **NUTRIEN AG SOLUTIONS, INC., f/k/a CROP PRODUCTION SERVICES, INC.,** | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CASE NO.<br>) |
| **JOHN T. HOLLEY,** | )<br>)<br>) |
| Defendant. | ) |

## COMPLAINT
_____

Nutrien Ag Solutions, Inc., f/k/a Crop Production Services, Inc., a Delaware corporation ("Nutrien") or ("Plaintiff"), by and through its undersigned attorney, brings suit against Defendant, John T. Holley ("Defendant"), as follows:

## **PARTIES**

1. Nutrien is a citizen of Delaware as it is a Delaware corporation and a citizen of Colorado as its principal place of business is in Loveland, Colorado, and it is registered to do business in the State of Alabama. Nutrien is the owner of the promissory note at issue in this litigation.

2. Defendant is, upon information and belief, over the age of 19 years, and a citizen of Alabama because he is domiciled in Elmore County, Alabama, and may be served at 1175 Taylor Road, Tallassee, Alabama 36078.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00, as set forth below.

4. The principal balance of the Note at issue in this litigation is in the amount of $72,760.93. However, Nutrien has incurred accrued attorneys' fees to date in an amount that exceeds the $2,239.07 needed to meet the amount in controversy requirement. Attorneys' fees can be counted towards the amount in controversy because they are provided for by the Note. See Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 808 n.4 (11th Cir. 2003) ("The general rule is that attorneys' fees do not count toward the amount in controversy unless they are allowed by statute or contract." (citing Graham v. Henegar, 640 F.3d 732, 736 (5th Cir. 1981)). More specifically, prior to requesting the undersigned counsel to file this action, Nutrien incurred attorneys' fees in the amount of $2,927.75 which included negotiations with Defendant, preparing two different promissory notes and security agreements, filing UCC financing statements, and preparing

correspondence to notify commodity dealers of Nutrien's security interest in Defendant's crops.

Moreover, the interest incurred between executing the Note and maturity is $6,718.02 and may be properly included for purposes determining the amount in controversy because it is not a penalty for a delay in payment, but a critical part of the Note. See Vanderbilt Mortgage and Finance, Inc. v. Crosby, 2014 WL 5456544 at n. 4 (S.D. Ala. 2014) (citing Brainin v. Melikan, 396 F.2d 153, 154-155 (3d Cir. 1968) ("[T]he interest claimed in the instant case involves not a charge for delay in payment of money, but interest exacted as the agreed upon price for the hire of money insofar as it claims interest at the rate specified in the note during the period before maturity") (internal quotation marks and ellipses omitted)); see also Transaero, Inc. v. La Fuerza Area Boliviana, 24 F.3d 457, 461 (2d Cir.1994) ("[W]here…interest is owed as part of an underlying contractual obligation, unpaid interest becomes part of the principal for jurisdictional purposes." (citing Edwards v. Bates County, 163 U.S. 269, (1896)). Under the terms of the Note, interest was to accrue at the rate of 9% per annum on the principal balance until the maturity date. Thus, the $6,718.02 in interest that accrued prior to the Note's maturity date is an "integral part of the Defendant's total obligation" and should be aggregated with the principal when determining the amount in controversy. See Braining, 396 F.2d at 155.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as a substantial part of the events giving rise to the claim occurred in the Middle District of Alabama, and Defendant resides in the Middle District of Alabama.

## STATEMENT OF FACTS

6. Nutrien adopts and incorporates by Paragraphs 1 through 5 as if fully set forth herein.

7. At various times, Nutrien provided and delivered goods and services to Defendant for his farming operation on open account.

8. In 2022, Defendant became delinquent in payment of the goods and services and so, in forbearance of pursuing immediate collection, Nutrien and Defendant entered into a promissory note on August 23, 2022 (the "Note") allowing Defendant to pay the full balance by February 1, 2023. A true and correct copy of the Note is attached hereto as **Exhibit A**.[1] Pursuant to the Note, Defendant promised to pay Nutrien the sum of $361,770.75, consisting of principal in the amount of $297,760.93, finance charges in the amount of $47,121.78, and late charges in the amount of $16,888.04, plus interest at the rate of 9% per annum on the principal balance in accordance with the payment schedule. Pursuant to the payment schedule, Defendant was obligated to make four payments to Nutrien beginning with a $75,000.00 payment due on September 1, 2022; a $75,000.00

---

[1] Pursuant to Fed. R. Civ. P. 5.2, Nutrien has redacted some personal identifier information that appears on the Promissory Note.

payment due on October 1, 2022; a $75,000.00 payment due on November 1, 2022; and a final balloon payment of outstanding principal and any and all accrued but unpaid interest on or before February 1, 2023.

9. In October 2022, Defendant did make a payment of $225,000.00 which was applied to the principal balance due on the Note. After the payment, the total remaining balance of $141,262.32, plus accrued interest, was to be paid on or before February 1, 2023.

10. The Note is now past maturity without payment.

11. Nutrien demanded full payment under the Note on March 14, 2023. A true and correct copy of the demand letter is attached hereto as **Exhibit B**. Defendant failed to pay the amounts owed under the Note following receipt of the demand and has failed to pay said sums as of this date.

12. In the event of a default, Defendant agreed to pay interest at the rate of 18% per annum. Defendant further agreed to pay Nutrien's reasonable attorneys' fees, plus all costs and expenses of collection. Attorneys' fees, expenses, and costs are hereby claimed and demanded.

13. As of the date of filing this Complaint, the outstanding indebtedness under the Note is $144,628.46, which consists of outstanding principal in the amount of $72,760.93, interest in the amount of $54,954.49, Late Fees in the amount of $16,888.04, and an NSF Fee in the amount of $25.00, plus default

interest which continues to accrue at a rate of 18% per annum until entry of judgment.

## COUNT I

### Breach of Contract

14.  Nutrien adopts and incorporates paragraphs 1 through 13 as if the same were set forth here *in extenso*.

15.  Nutrien and Defendant entered into the Note on August 23, 2022, obligating Defendant to pay Nutrien the total sum of $361,770.75 in accordance with a defined payment schedule with a maturity date of February 1, 2023. Defendant breached the terms of the Note by virtue of the maturity date lapsing without payment.

16.  The amounts owed under the Note as of this date, include principal in the amount of $72,760.93, interest in the amount of $54,954.49, which continues to accrue at a rate of 18% per annum, Late Fees in the amount of $16,888.04, and an NSF Fee in the amount of $25.00; and attorneys' fees and any additional expenses, and the cost of this action.

WHEREFORE, Nutrien respectfully request judgment against Defendant in the amount of $144,628.46, plus interest, plus reasonable attorneys' fees and expenses, and costs of this action, and for such other further relief as the Court deems just and proper.

Respectfully submitted this 25th day of April 2023.

        s/ Patrick L. W. Sefton
        Patrick L. W. Sefton
        Bar Number: ASB-8341-N47P
        Attorney for Nutrien Ag Solutions, Inc.,
        f/k/a Crop Production Services, Inc.
        Capell & Howard, P.C.
        P. O. Box 2069
        Montgomery, AL 36102-2069
        Telephone: (334) 241-8000
        Facsimile: (334) 323-8888
        Email: pat.sefton@chlaw.com

**Clerk:**

Defendant will be served by Personal Process Server at the address listed on the Summons or such other place as Defendant may be located:

John T. Holley
1175 Taylor Road
Tallassee, AL 36078