IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **NUTRIEN AG SOLUTIONS, INC.,** ) | |
| f/k/a/ Crop Production Services, Inc., ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CASE NO. 2:23-cv-00230-MHT-KFP |
| ) | |
| **JOHN T. HOLLEY,** ) | |
| ) | |
| **Defendant.** ) | |

**MOTION FOR DEFAULT JUDGMENT**
_____

COMES NOW Nutrien Ag Solutions f/k/a Crop Production Services, Inc., ("Nutrien" or "Plaintiff") and files this Motion for Default Judgment against Defendant, John T. Holley ("Holley" or "Defendant"). In support of this motion, Nutrien shows as follows:

1. This action was filed on April 25, 2023, seeking a judgment for Defendant's breach of a promissory note (the "Note").

2. Defendant was legally served on May 1, 2023, as evidenced by the Proof of Service electronically filed with this Court that shows service upon the Defendant, at the Defendant's dwelling place. See [Doc. 4].[1] No answer or other

---

[1] Under Fed. R. Civ. P. 4(e), service upon an individual may be perfected by serving the person in accordance with the State's law. Under Alabama law, an individual may be served by leaving a copy of the Summons and the Complaint

4862-3382-8711.v1

responsive pleading has been filed by the Defendant as of the filing of this motion. Additionally, based on personal knowledge obtained through reasonable investigation, Defendant is neither an infant nor an incompetent unrepresented person, and is not in active military service of the United States or its allies. See Affidavit of Patrick L.W. Sefton as to Attorney Fees in Support of Default Judgment attached hereto as **Exhibit 1** at ¶¶ 7-8. Counsel for Plaintiff has also filed an application for entry of default judgment. [Doc. 5].

3.   As set forth in the Affidavit of Wendy Glass in Support of Default Judgment, which is attached hereto as **Exhibit 2**, Defendant currently owes Nutrien the amount of $145,618.00, plus interest as provided by law.  Defendant also owes Nutrien reasonable attorneys' fees, advances, costs (including court costs), and expenses.  More specifically, the Note provides as follows:

> Borrower agrees to pay Lender on demand all cost and expenses Lender incurs under this Note, …including the reasonable fees and expenses of attorneys… incurred by Lender in connection with (a) the preparation, execution, and delivery of this Note, the Loan Documents, and any amendments, modifications, renewals, or supplements now or hereafter made to any of them;…(c) the collection or attempted collection of the Obligation, this Note, or the indebtedness evidenced hereby following the occurrent of an Event of Default, whether through legal proceedings, negotiations, arbitration, or bankruptcy proceedings; …

---

at the individual's dwelling house with some person of suitable age and discretion then residing therein. See Ala. R. Civ. P. 4(c)(1).

The Note at Section III at Pages 2-3. A copy of the Note is attached as **Attachment 1** to **Exhibit 2**.

4. As to the attorneys' fees and expenses and the reasonableness thereof, "Alabama follows the American rule, whereby attorney fees may be recovered if they are provided for by statute or by contract." Jones v. Regions Bank, 25 So. 3d 427, 441 (Ala. 2009). See also Mortensen v. Mortgage Electronic Registration Systems, Inc., 2011 U.S. Dist. Lexis 551110 at *2 (S.D. Ala. May 3, 2011). "More generally, if a mortgage or promissory note contains a provision for the borrower to pay the lender's costs of collection and enforcement, '[t]he claim for an attorney's fee is as much a part of the contract as any other feature of it.'" Mortensen, 2011 U.S. Dist. Lexis at *9 (citing Taylor v. Jones, 276 So. 2d 130, 133 (Ala. 1973)).

5. "The determination of whether an attorney fee is reasonable is within the sound discretion of the trial court." Ex parte Edwards, 601 So. 2d 82, 85 (Ala. 1992); see also Subway Restaurants, Inc. v. Madison Square Associates, Ltd. by CBL Wyoming, Inc., 613 So. 2d 1255, 1257 (Ala. 1993) ("The reasonableness of an attorney fee under a contract providing for the recovery of reasonable attorney fees is largely within the discretion of the trial court."). "The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." Edwards, 601 So. 2d at 85 (citation omitted). In the instant case, the hourly billing rate for the

undersigned counsel is $275.00 and $285.00 per hour as of January 1, 2022, which is reasonable for an attorney with more than 25 years of litigation experience. The hourly billing rate for the firm's associates range from $150.00 to $190.00. See Affidavit of Patrick L.W. Sefton attached hereto as **Exhibit 1** at ¶¶ 1-3. Finally, the total of 23.75 hours is reasonable for the tasks performed on the case. See id.

6. "[T]he product of multiplying reasonable hours by reasonable hourly rates is known as the 'lodestar.'" Mortensen, 2011 U.S. Dist. Lexis at *15 (citing City of Birmingham v. Horn, 810 So. 2d 667, 680 (Ala. 2001)). "[T]he lodestar is 'presumed to be the reasonable fee to which counsel is entitled.'" Mortensen, 2011 U.S. Dist. Lexis at *15 (citing Edwards, 601 So. 2d at 85).

7. Nutrien retained the undersigned's firm to collect monies due to it and enforce Nutrien's rights under the Note, and to prosecute this action. As of May 30, 2023, the undersigned's firm has incurred the total sum of $4,504.25 in attorneys' fees, for, among other things, preparation of two promissory notes, communications with Nutrien, evaluation of legal claims, review of client documents and evidence, meetings with Defendant, sending pre-suit demands, preparation of the Complaint, and preparation of this Motion for Default Judgment and supporting documents. In addition, the undersigned's firm has incurred the amount of $634.53 in costs and expenses including, but not limited to, filing fees, postage, duplication, courier charges, research, and service of process fees. See **Exhibit 1** at ¶¶ 2, 4, 5.

8. Since the reasonable hourly rate multiplied by the reasonable hours in the instant case equals $4,504.25, it is presumed to be the amount to which the undersigned's firm is entitled. Additionally, the costs and expenses in the amount of $634.53 were reasonably incurred while enforcing the terms of the documents related to the Account.

9. Furthermore, courts, under Alabama law, regularly award reasonable attorneys' fees in the amount of 15 percent of the unpaid debt for the enforcement of contracts. See, e.g., Smith v. Combustion Resources, Inc., 431 So. 2d 1249 (Ala. 1983); Day v. Merchants National Bank of Mobile, 431 So. 2d 1254 (Ala. 1983). In the instant case, the attorneys' fees of $4,504.25 is three percent (3%) of the total debt amount of $145,618.00, further establishing the fact that the attorneys' fees are reasonable.

10. Accordingly, Nutrien is entitled to a default judgment against Defendant for damages in the amount of $145,618.00, plus attorneys' fees in the amount of $4,504.25, plus costs and expenses in the amount of $634.53, which amount is a sum certain, plus interest provided by law.

WHEREFORE, the premises considered, Nutrien requests this Honorable Court to (1) enter a default judgment against Defendant in the amount of $150,756.78, including the costs and attorneys' fees related to collection, plus

interest provided by law, and (2) enter an order for such other and further relief as the Court deems appropriate.

Respectfully submitted this 30th day of June 2023.

s/ Patrick L. W. Sefton
Patrick L. W. Sefton
Bar No.: ASB-8341-N47P
Attorney for Nutrien Ag Solutions, Inc., f/k/a Crop Production Services, Inc.
Capell & Howard, P.C.
P.O. Box 2069
Montgomery, AL 36102-2069
Telephone: (334) 241-8000
Facsimile: (334) 323-8888
Email: pat.sefton@chlaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing **MOTION FOR DEFAULT JUDGMENT** has been e-filed using the CM/ECF system, and served upon the following non-CM/ECF participant by placing a copy in the United States Post Office mailbox, postage prepaid, on this the 30th day of June 2023:

John T. Holley
1175 Taylor Road
Tallassee, AL 36078
Defendant, *Pro se*

                                          s/ Patrick L. W. Sefton
                                          Patrick L. W. Sefton
                                          Bar Number:  ASB-8341-N47P
                                          Attorney for Nutrien Ag Solutions, Inc.,
                                          f/k/a Crop Production Services, Inc.
                                          Capell & Howard, P.C.
                                          P.O. Box 2069
                                          Montgomery, AL 36102-2069
                                          Telephone:  (334) 241-8000
                                          Facsimile:  (334) 323-8888
                                          Email: pat.sefton@chlaw.com