IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| NUTRIEN AG SOLUTIONS, INC., f/k/a Crop Production Services, Inc., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 2:23cv230-MHT (WO) |
| JOHN T. HOLLEY, | ) ) | |
| Defendant. | ) | |

OPINION

Plaintiff Nutrien Ag Solutions, Inc. filed this action for breach of contract against defendant John T. Holley. Jurisdiction is proper under 28 U.S.C. § 1332 (diversity). The clerk of court previously entered default against Holley at the request of Nutrien. This cause is now before the court on Nutrien's motion for entry of default judgment, which seeks damages in the amount of $ 144,536.58 (plus interest), attorneys' fees in the amount of $ 4,504.25, and costs in the amount of $ 634.53.

## I. DEFAULT JUDGMENT STANDARD

Default alone does not warrant entry of a default judgment. *See Tyco Fire & Sec. LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007)). "[A] default is not 'an absolute confession by the defendant of his liability and of the plaintiff's right to recover,' but is instead merely 'an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability.'" *Capitol Recs. v. Carmichael*, 508 F. Supp. 2d 1079, 1083 (S.D. Ala. 2007) (Steele, J.) (citations omitted). However, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (emphasis omitted).[1]

A default judgment, including the specific nature and extent of the relief sought, must be adequately

---

1. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

supported in the record. *See Anheuser–Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court has an obligation to assure that there is a legitimate basis for any damage award it enters...."). Besides the pleadings, a court may consider affidavits and declarations. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 111 (6th Cir. 1995) ("Use of affidavits in granting default judgments does not violate ... due process[.]").

## II.   FACTUAL BACKGROUND

Based on the well pleaded factual allegations of the complaint and the declarations submitted by Wendy Glass and Patrick L. W. Sefton in support of the motion for default judgment, the court finds the following facts.

On August 23, 2022, Nutrien and Holley signed a promissory note that obligated Holley to repay Nutrien for the value of goods and services it had provided to his farming operation. Holley owed Nutrien

3

$ 297,760.93 in principal, $ 47,121.78 in interest, and $ 16,888.04 in late charges.   Interest accrued on the principal balance at a rate of 9 % per annum.   The note prescribed a payment schedule, under which Holley would pay down $ 225,000 of the total on September 1, 2022; October 1, 2022; and November 1, 2022.   The note's maturity date, at which point the payment of all outstanding charges were due, was February 1, 2023.   In the event of default, the note required Holley to pay Nutrien's attorneys' fees and costs.

Holley made one $ 225,000 payment in October 2022 but otherwise failed to pay off the note.   Factoring in the October payment and interest, he owes Nutrien a total   of   $ 144,536.58:   $ 72,760.93   in   principal, $ 54,862.61 in interest, $ 16,888.04 in late charges, and $ 25.00 in non-sufficient funds fees.[2]

---

2. The outstanding principal due under the loan does not, by itself, satisfy the amount-in-controversy requirement for the court to exercise diversity jurisdiction.   However, the combination of the outstanding principal and the attorneys' fees sought by Nutrien exceeds $ 75,000.   Because the promissory note provided for the collection of reasonable attorneys'

Nutrien filed this lawsuit against Holley on April 25, 2023, seeking to recover the full amount due under the note, plus fees and costs.  Six days later, Nutrien served Holley with a summons and copy of the complaint.  *See* Proof of Service (Doc. 3).  Holley did not answer the complaint.

On June 30, 2023, Nutrien applied for an entry of default and filed a motion for default judgment.  The court of clerk entered default against Holley on August 4, 2023.  *See* Clerk's Entry of Default (Doc. 7).  At no point during the proceedings to date has the court heard from Holley.

## III. DISCUSSION

As an initial matter, the court finds that a hearing is not required on Nutrien's motion for default judgment.  While "[t]he court may conduct hearings ...

_____

fees, the attorneys' fees can count toward the amount-in-controversy requirement.  *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 n.4 (11th Cir. 2003) ("The general rule is that attorneys' fees do not count towards the amount in controversy unless they are allowed for by statute or contract.").

5

when, to enter or effectuate judgment, it needs to: ... determine the amount of damages," Fed. R. Civ. P. 55(b)(2), "Rule 55 does not require that testimony be presented as a prerequisite to the entry of a default judgment...." 10A Fed. Prac. & Proc. Civ. § 2688 (4th ed. (April 2023)). As the outstanding balance Nutrien now seeks is clearly supported in the record and does not require expert evidence or complex calculations, there is no need for a hearing here.

Rule 55(b)(2) also states that a "party or its representative must be served with written notice of the application at least 7 days before the hearing." Nutrien's motion for default judgment was mailed to Holley at his last known address over four months ago. *See* Fed. R. Civ. P. 5(b)(2)(C) (permitting service by "mailing it to the person's last known address—in which event service is complete upon mailing"). Holley has received sufficient notice under Rule 55(b)(2).

Nutrien has shown its entitlement to breach-of-contract damages in the amount of

$ 144,536.58, attorneys' fees in the amount of $ 4,504.25, and costs in the amount of $ 634.53. The breach-of-contract damages include the remaining principal, late fees, nonsufficient funds fees, and interest as required under the note. In addition, the note provides for the recovery of attorneys' fees and costs, and the declarations submitted by Nutrien's attorney corroborate the amounts Nutrien now seeks. After review of the declarations, and, in the absence of any objection from Holley, the court concludes that the hourly rates requested and time expended are reasonable and necessary to litigate this matter.

Finally, Nutrien seeks the interest that has accrued between the time it filed its complaint and the entry of judgment. Nutrien is entitled to $ 3,819.97, which reflects interest calculated at a rate of 9 % per annum for each calendar month that has passed since the complaint was filed.[3]

---

3. The note provides that default interest will accrue at a rate of 18 % per annum. However, the affidavit submitted in support of the motion for entry

An appropriate judgment will be entered.

DONE, this the 15th day of November, 2023.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

---

of default judgment states that Nutrien is seeking
default interest at a rate of only 9 % per annum. *See*
Affidavit of Wendy Glass (Doc. 5-2) ¶ 9. The court
has, therefore, used the lower of these two interest
rates to calculate the amount of default interest to
which Nutrien is entitled.